UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRELL AINSWORTH,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFF CDCR SECRETARY, MACROMBER, et al.,<br><br>        Defendants. | Case No. 25-cv-03588-RFL (PR)<br><br>**ORDER TO SHOW CAUSE WHY PAUPER STATUS IS NOT BARRED** |

Plaintiff Tyrell Devonte Ainsworth, a state prisoner and frequent litigant in federal court, has filed this federal civil rights action under 42 U.S.C. § 1983 along with an application to proceed in forma pauperis (IFP). (Dkt. No. 2.) However, it appears that Ainsworth may be barred from proceeding IFP. **Accordingly, Ainsworth is ordered to show cause on or before November 3, 2025 why 28 U.S.C. § 1915(g) does not bar pauper status. No extensions of time will be granted, absent exceptional circumstances.**

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Relying on the statute's command that "*in no event*" may such a prisoner proceed, the Ninth Circuit explained that this bar is triggered by a prisoner's history of filing frivolous litigation rather than by the merits of the current action. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (emphasis in original). Under the law of this circuit, a prisoner-plaintiff must be afforded an opportunity to persuade the court that section 1915(g) does not bar pauper status for him. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the

defendants, but also requires the prisoner to bear the ultimate burden of persuasion that section 1915(g) does not bar pauper status for him. *Id.* *Andrews* implicitly allows the court to raise sua sponte the section 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Here, Ainsworth, identified as CDCR Inmate #AL-4915, has had at least three prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or that they failed to state a claim upon which relief may be granted[1]:

1. *Ainsworth v. Frisco*, Case No. 2:18-cv-07682-PSG-AGR (C.D. Cal. Sept. 14, 2018) (order dismissing action as frivolous, malicious, or for failure to state a claim on which relief may be granted);

2. *Ainsworth v. Batsakis*, Case No. 2:23-cv-01281-PA-AGR (C.D. Cal. Feb. 27, 2023) (Doc. No. 4) (order dismissing action as frivolous, malicious, or for failure to state a claim on which relief may be granted); and

3. *Ainsworth v. Macombre, et al.*, Case No. 2:23-cv-04263-PA-AGR (C.D. Cal. July 24, 2023) (order dismissing action as frivolous or malicious).

Ainsworth has not satisfied the imminent danger of serious physical injury requirement in order to proceed IFP in this action. His conclusory allegations that he suffered physical torture

---

[1] The Southern District of California recently concluded that Ainsworth was barred from proceeding IFP because the three actions listed here constituted strikes within the meaning of section 1915(g). *Ainsworth v. Macromber*, Case No. 24-cv-01482-AJB-AHG (S.D. Cal. Oct. 15, 2024).

The Ninth Circuit Court of Appeals recently determined that Ainsworth had three or more actions or appeals that had been dismissed as frivolous, malicious, or for failure to state a claim. *Ainsworth v. Mazariegos*, Appellate Case No. 25-2472, Dkt. No. 7. The appellate court denied his IFP application and ordered him to pay the filing fee. *Id.* It also declared that no motions for reconsideration, clarification, or modification of the denial of appellant's IFP status would be entertained. *Id.* Ainsworth was ordered to pay the $605.00 filing fee and file proof of payment. *Id.* Ainsworth did not pay the filing fee or respond to the order and his appeal was dismissed. *Id.*, Dkt. No. 9.

and punishment lack any factual basis from which it could plausibly be inferred that he was under imminent danger of serious physical injury at the time the complaint was filed.  (Compl., Dkt. No. 1 at 12-13, 17.)  The plain language of the imminent danger clause in section 1915(g) indicates that "imminent danger" is to be assessed at the time of the filing of the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."  *Id.* at 1056.  It "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm."  *Hernandez v. Williams*, No. 21-cv-347-MMAKSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021).

In light of these dismissals, and because Ainsworth does not appear to have been under imminent danger of serious physical injury at the time this action was filed, the Court now orders him to show cause why his IFP application should not be denied and the present action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  Ainsworth's response to this order to show cause is due no later than **November 3, 2025**.  The response must have the words RESPONSE TO ORDER TO SHOW CAUSE written on the first page.  In the alternative to showing cause why this action should not be dismissed, Ainsworth may avoid dismissal by paying the full filing fee of $405.00 by November 3, 2025.

<u>Failure to file a response to this order by **November 3, 2025**, or failure to pay the full filing fee by that date, will result in the dismissal of this action without prejudice to Ainsworth bringing his claims in a new paid complaint.</u>

**IT IS SO ORDERED.**

**Dated:**  September  22 , 2025

RITA F. LIN
United States District Judge

3